IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MICHAEL J. RICE, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-15-238-D
 )
LIFE INSURANCE COMPANY OF )
NORTH AMERICA, )
 )
       Defendant. )

# **O R D E R**

Before the Court is Defendant's Motion to Dismiss Complaint [Doc. No. 8], filed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has filed a timely objection to the Motion.[1]

This case concerns the death of Stanley J. Rice, Jr. and his son's claim for benefits under a group accident insurance policy issued by Defendant to the decedent's employer as part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. According to the Complaint, Plaintiff's father died on January 28, 2009; Plaintiff submitted a claim under the policy that was denied on August 26, 2009; Plaintiff appealed the denial with additional information for consideration; and Defendant upheld the denial on March 17, 2010. Plaintiff commenced this action for declaratory relief, recovery of benefits, and breach of fiduciary duty under ERISA on March 9, 2015, within five years after he completed the administrative review process.

---

[1] Defendant filed a reply brief that is not considered because it was filed outside the time period authorized by LCvR7.1(i) without leave of court.

Defendant seeks dismissal of the action as time-barred by a limitations provision of the policy that required a proof of loss to be provided within 90 days and a suit to be brought within three years after the proof of loss was required to be furnished. Applying these provisions to the factual allegations of the Complaint, Defendant contends that Plaintiff was required to bring suit no later than April 28, 2012. The Supreme Court has expressly held that a contractual limitations provision substantially similar to the one in Defendant's policy is enforceable under ERISA. *See Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 612 (2013). The Tenth Circuit had previously reached the same conclusion. *See Salisbury v. Hartford Life & Accident Ins. Co.*, 583 F.3d 1245, 1247-48 (10th Cir. 2009).

Plaintiff has responded to the Motion by conceding that Defendant accurately cites the holding of *Heimeshoff* but asserting that exceptions to enforceability suggested by the Supreme Court's opinion apply. Plaintiff asserts that Defendant has waived or is estopped from invoking the contractual limitations provision as a defense. *See Heimeshoff*, 134 S. Ct. at 615. He relies on Defendant's failure to inform him of the time limit for suit when issuing an adverse decision, as allegedly required by a federal regulation implementing ERISA, 29 C.F.R. § 2560.503-1(g)(iv). Plaintiff submits copies of Defendant's denial letters to demonstrate that no notice of the contractual limitations period was given.

The difficulty with Plaintiff's argument is that it depends on matters outside his pleading that cannot be considered when judging the sufficiency of the Complaint under Rule 12(b)(6). The insurance policy under which he brings suit can properly be considered.

2

*See Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013); *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997) ("if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss"). Materials that are not cited or otherwise referenced in Plaintiff's Complaint cannot be considered unless Defendant's Motion is "treated as one for summary judgment under Rule 56" and the parties are "given a reasonable opportunity to present all the material that is pertinent to the motion." *See* Fed. R. Civ. P. 12(d). No party requests that Defendant's Rule 12(b)(6) motion be converted to a motion for summary judgment. Under these circumstances, the Court finds that the sufficiency of Plaintiff's pleading should be judged based solely on the factual allegations it contains. Additional facts argued by Plaintiff in his brief will not be considered.

"If the allegations [of a complaint] show that relief is barred by the applicable statutes of limitations, the complaint is subject to dismissal for failure to state a claim." *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009) (internal quotation omitted). This is so because "any party claiming the benefit of equitable tolling of a limitations period . . . [bears] the burden of proving justifiable circumstances." *Olson v. Federal Mine Safety & Health Review Comm'n*, 381 F.3d 1007, 1014 (10th Cir. 2004).

In this case, Plaintiff concedes that the contractual limitations provision of the policy is generally enforceable. The allegations of the Complaint do not provide any basis for relief from the limitations period, as argued by Plaintiff in his brief. Therefore, the Court finds that Defendant is entitled to dismissal of the Complaint for failure to state a claim upon which relief can be granted. The Court further finds, however, that Plaintiff should be given an opportunity to file an amended pleading to add sufficient factual allegations to avoid the time bar, if he can plausibly state a claim for relief from the contractual provision. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Complaint [Doc. No. 8] is GRANTED, with leave for Plaintiff to file an amended pleading within 14 days from the date of this Order.

IT IS SO ORDERED this 31st day of July, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE